**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

JOHNNIE E. MOSLEY                                                            PETITIONER
*REG #07610-025*

V.                                        CASE NO. 2:23-cv-00177-BSM-JTK

Francene Helaire, Acting Warden[1]                                   RESPONDENT
FCI – Forrest City, Arkansas

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Brian Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection and (2) be received by the Clerk of this Court within 14 days of the entry of this Recommendation. By not objecting, you may waive the right to appeal questions of fact. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

## I.    INTRODUCTION

On August 15, 2023, Johnnie Mosley ("Mosley") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1) Mosley was an inmate at the Federal Correctional Institution (FCI) in Forrest City, Arkansas, at the time he filed his petition. Warden Chad Garrett filed a response. (Doc. No. 7) The current acting warden, however, is Francene Helaire ("Helaire"). Therefore, Helaire is substituted for Garrett.

---

[1] The Clerk of Court is directed to change Respondent to "Francene Helaire, Acting Warden" of the Federal Correctional Institution in Forrest City, Arkansas.

Based on the following discussion, the undersigned recommends that Mosley's petition be dismissed as moot.

## II.    BACKGROUND

In 2007, the Southern District of Illinois sentenced Mosley to 262 months' imprisonment for possessing a firearm as a felon and possessing with intent to distribute cocaine base. *See United States v. Johnnie E. Mosley*, no. 3:06-cr-30111-SMY-1 (Doc. No. 31). In 2023, Mosley filed the instant habeas petition while serving his sentence at the FCI in Forrest City, Arkansas. (Doc. No. 1) His projected release date was June 17, 2025.

In his habeas petition, Mosley alleges that the Bureau of Prisons (BOP) failed to award him time credits for productive activities that he completed before December 21, 2018, which was the enactment date of the First Step Act. He believes that the BOP is misconstruing the First Step Act, specifically 18 U.S.C. § 3632(d)(4)(B), and attributes the misinterpretation as the basis for the BOP's failure to accurately count his time credits. Therefore, he wants this Court to order the BOP to recalculate his time credits to include all of his productive activities that occurred before December 21, 2018.

Helaire contends that Mosley's interpretation of law is incorrect. She relies on statutory law at 18 U.S.C. § 3632, administrative regulation at 28 C.F.R. § 523.42, and decisions from other federal district courts to refute Mosley's claim. She asserts that such demonstrate that inmates are barred from earning time credit for activities completed before the First Step Act's enactment. Mosley filed a reply in opposition to Helaire's response.

Since the filing of his petition, Mosley has been released from BOP custody. *See* https://www.bop.gov/inmateloc/ (accessed April 15, 2025). He has been out of BOP custody since March 18, 2025, and he has not filed a notice of change of address. The Court, however, takes

judicial notice that President Donald Trump commuted Mosley's sentence, which was set to expire on March 18, 2025, all while leaving intact and in effect any term of supervised release. *See United States v. Johnnie E. Mosley*, no. 3:06-cr-30111-SMY-1 (Doc. No. 79).

## III.    DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Cotton v. Garrett*, No. 2:23-CV-00231-BSM-JJV, 2024 WL 870808, at *1 (E.D. Ark. Feb. 8, 2024) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005)), *report and recommendation adopted*, No. 2:23-CV-00231-BSM, 2024 WL 867078 (E.D. Ark. Feb. 29, 2024). "This means that a litigant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "If a change in circumstances during the pendency of a habeas petition means that it no longer presents a case or controversy, the petition becomes moot." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Mosley wants this Court to compel the BOP to properly interpret the First Step Act and to recalculate his time credits to include productive activities that he completed before the enactment of said Act, which would count toward his early release from BOP custody. Since the filing of his petition, however, he has been released from BOP custody according to his commuted sentence expiration date of March 18, 2025. Consequently, he received early release, and in doing so, he has made no effort to contact the Court to update his address or to request that this matter be given further consideration. For the reasoning stated above, the undersigned deems Mosley's petition moot.

**IV.    CONCLUSION**

It is, therefore, recommended that Mosley's petition (Doc. No. 1) be **DENIED** and

**DISMISSED** without prejudice.

DATED THIS 17th day of April, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE